**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **IN RE: FREDERICK DEWON COOPER,** <br> **Debtor.** <br> _____ | Case No. 20-30632-KRH <br> Chapter 13 |
| **WILLIAM E. HOWLAND, JR.,** <br><br> Plaintiffs, <br><br> v. <br><br> **FREDERICK DEWON COOPER,** <br><br> Defendant. <br> _____ | <br><br><br><br> Adv. Pro. No. 20-03021-KRH |

**<u>ORDER</u>**

This matter comes before the Court on the *Motion for Summary Judgment and Motion for Sanctions and/or in the Alternative Motion for Leave to File an Amended Response and Memorandum of Law in Support Thereof* [ECF No. 26] (the "Motion") filed by Frederick Dewon Cooper (the "Debtor"), by counsel.  By his Motion, the Debtor seeks (i) entry of summary judgment on the *Amended Complaint Objecting to Discharge and to Dischargeability of Debt* [ECF No. 8] (the "Complaint") filed in this adversary proceeding (this "Adversary Proceeding") by William Howland, Jr. (the "Plaintiff"); (ii) the award of sanctions against the Plaintiff; and, in the alternative, (iii) leave to amend his *Answer to Complaint* [ECF No. 18] (the "Answer").  The Plaintiff, by counsel, filed a response [ECF No. 28] to the Motion.  Without leave of Court, the Debtor filed a reply [ECF No. 29] in further support of the Motion.  On December 9, 2020, the Court conducted a hearing (the "Hearing") on the Motion, wherein the Court heard oral argument from counsel for the Debtor and counsel for the Plaintiff.  At the conclusion of the Hearing, the

Court took the Motion under advisement. For the following reasons, the Court will deny the Motion.

Under Rule 56(a) of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to this Adversary Proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The party moving for summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986). In determining whether this burden has been met, the court will consider all evidence in the light most favorable to the nonmoving party. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). "[O]nce the moving party has identified the absence of a genuine issue of material fact, the nonmoving party bears the burden of identifying specific facts that demonstrate the existence of a genuine issue for trial." *Hopkins v. Horizon Mgmt. Servs., Inc.*, 302 F. App'x 137, 139 (4th Cir. 2008) (citations omitted).

Importantly, "unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). "To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of [Civil Rule 56(c)(4)]." *Columbia Gas Transmission, LLC v. Ott*, 984 F. Supp. 2d 508, 522 (E.D. Va. 2013). Civil Rule 56(c)(4) provides that an affidavit used to support a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Given the foregoing, the Court finds that the Debtor, as movant, has not met his burden under Civil Rule 56, as the Court has no evidence or testimony properly before it in support of his request for summary judgment. The Motion attached several documents as exhibits. However, no affidavit was filed with the Motion to authenticate those documents. *See* ECF No. 26. Without authentication, those documents are not properly before the Court at the summary judgment stage.

At the Hearing, the Debtor, by counsel, argued that his *Verification of Answer to Complaint and Certification by Defendant* [ECF No. 25] (the "Debtor's Verified Statement") provides his necessary basis for authentication.[1] In the Debtor's Verified Statement, the Debtor affirms that all of the facts contained in his answer are true, "to the best of [his] knowledge, information, and belief, and were formed after reasonable inquiry." *Debtor's V.S.*, ¶ 2, ECF No. 25 at 1. As stated above, Civil Rule 56(c)(4) requires an affidavit or declaration to be made with "personal knowledge," and not merely with "information" or "belief." Therefore, the Debtor's Verified Statement does not properly put facts or evidence before the Court for the purposes of summary judgment.[2] *See Canady v. Tuell*, No. 14-cv-420, 2016 WL 3912036, at *3, 2016 U.S. Dist. LEXIS 94470, at *6 (E.D. Va. July 19, 2016) (quoting *EEOC v. Clay Printing Co.*, 955 F.2d 936, 945 n.9 (4th Cir. 1992)) ("The absence of an 'affirmative showing of personal knowledge of specific facts'

---

[1] As its title suggests, the Debtor's Verified Statement was made in support of the Answer, not the Motion. As such, the Court need not consider it for purposes of summary judgment. Nevertheless, the Court may consider it as a matter of discretion. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

[2] The Debtor filed a *Verification of Rebuttal and Certification by Defendant* in connection with his reply. ECF No. 29 at 11-12. Even if the reply were properly before the Court, this verified statement uses identical language to the Debtor's Verified Statement and, as such, fails for the same reasons.

In addition to the verified statement attached to his reply, the Debtor also filed a copy of his *Affidavit of Frederick Dewon Cooper*, previously filed in his underlying bankruptcy case in connection with a motion to extend the automatic stay. ECF No. 29-2. While this affidavit is set forth on personal knowledge, as required by Civil Rule 56(c)(4), even if this affidavit were properly before the Court, the affidavit fails to address the facts at issue in this Adversary Proceeding.

prevents the consideration of such facts in conducting the summary judgment analysis."); *Slep-Tone Entm't Corp. v. Powers*, No. 12-cv-53-BO, 2014 WL 2040104, at *7, 2014 U.S. Dist. LEXIS 67978, at *20 (E.D.N.C. Apr. 3, 2014) (finding inadmissible at summary judgment stage facts stated on "information and belief").

In consideration of the foregoing and for reasons stated on the record in open court at the Hearing, it is hereby

**ORDERED** that the Motion is **DENIED** as set forth herein; and it is further

**ORDERED** that the Debtor's request for summary judgment in his favor is **DENIED**; and it is further

**ORDERED** that the Debtor's request for sanctions is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Debtor's request for leave to amend his Answer is **DENIED WITHOUT PREJUDICE**.

DATED:  December 11, 2020          /s/ Kevin R. Huennekens
                                   UNITED STATES BANKRUPTCY JUDGE

                                   Entered on Docket:  December 14 2020

**Copies to:**

**Kimberly Alice Chandler**
Chandler Law Firm
P.O. Box 17586
Richmond, VA  23226

**Jacqueline W. Critzer**
Critzer Cardani PC
12090 W. Broad Street, Suite 200
Richmond, VA  23233

4